515 A.2d 596

**COMMONWEALTH of Pennsylvania**

v.

**Charles MATTHEWS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 27, 1986.

Filed Sept. 25, 1986.

Charles Matthews, appellant, in propria persona.

Mark E. Lovett, Assistant District Attorney, York, for Com., appellee.

Before WICKERSHAM, JOHNSON and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from an Order of December 23, 1985, in the Court of Common Pleas of York County.

The record shows that, while represented by Steven G. Zorbaugh, Esquire, his court appointed attorney, the appellant pled guilty before the Honorable James Buckingham on September 9, 1985 to three counts of delivery of drugs. The appellant's written guilty plea colloquy indicated that there was a plea bargain that "Defendant is to be sentenced three to six years on each of the above referenced counts, all of which are to run concurrent with each other." The oral guilty plea colloquy first corroborated this bargain.

However, the question arose whether the Defendant's sentence of three years to six years would run concurrently with a two and one-half to five year sentence imposed by Judge Miller on the Defendant on September 6, 1985, for two counts of delivery of drugs ... The Defendant told Judge Buckingham, at his plea colloquy, that judge Miller, when he sentenced him as aforesaid, told him that his (Judge Miller's) sentence would be concurrent with the sentence to be imposed in the present case.

However, the Defendant's sentencing counsel before Mr. Zorbaugh, disagreed with the Defendant and told the court that there was no agreement that the sentence to be imposed by Judge Buckingham would run concurrently with Judge Miller's sentence. Judge Buckingham then told the defendant, that unless there was an agreement of record that both sentences would be concurrent, the sentences would be consecutive to each other.

Appellant then, through his counsel, entered a "straight plea" without any plea arrangement. Appellant requested a pre-sentence investigation then entered his pleas of guilty. On December 2, 1985, appellant appeared for sentencing and was sentenced on all three counts to undergo imprisonment for a term of not less than four years nor more than eight years, to run concurrently with each other but consecutively to the two and one-half years to five years sentence he was presently serving.

On December 6, 1985, appellant filed a Motion to Withdraw his guilty plea on the ground that he did not "knowingly and willingly enter his plea of guilty" which was denied by the trial court. This appeal followed.

Appellant presents the following questions for our consideration:

1. Did the court below err by not making an on the record examination of appellant, as to an adequate colloquy as suggested under Pa.R.Cr.P. 319(a)?

2. Did the court below err by not honoring the plea bargain which appellant alleged by entered into at the conclusion of a previous trial?

3. Did the court below err by not allowing appellant to withdraw his guilty plea?

The court below ably disposed of the questions raised and refused to allow appellant to withdraw his plea. However, the court below found that:

"At the conclusion of the hearing, the undersigned Judge Buckingham indicated to the Defendant that (1) since the Defendant still admitted his guilty (sic), it was doubtful that he could now withdraw his plea of guilty, and (2) since the Defendant had testified that he told Mr. Zorbaugh before the sentence was imposed that he wanted to withdraw his guilty plea and that Mr. Zorbaugh never told him before sentencing that he could withdraw his guilty plea before sentencing, this involved a question of credibility and necessitated the Defendant filing a petition for relief under the Post-Conviction Hearing Act on the ground that his sentencing counsel was incompetent. He was also told that for purposes of the PCHA petition, he would be appointed new free counsel, and would have a hearing on his petition. The undersigned thereupon entered an Order refusing the Defendant's request to withdraw his guilty plea, with the suggestion to Defendant that he file a petition for relief under the Post-Conviction Hearing Act and, if necessary and deemed appropriate, free counsel would be appointed for him and that he would have a hearing on the PCHA petition."

The appeal is dismissed and the case remanded to the court below for the appointment of counsel to file a petition under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 et seq., to determine the competency of counsel at sentencing.

Appeal dismissed. Case remanded. Jurisdiction is relinquished.